# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES HANNA, :

               Petitioner,            Case No. 1:03-cv-801

    -vs-                     District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

TODD ISHEE, Warden,

               Respondent. :

## ORDER ALLOWING APPEAL *IN FORMA PAUPERIS;* REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 137) which Respondent opposes (Doc. No. 138); Petitioner has filed a Reply in support (Doc. No. 139).

On February 26, 2009, Judge Rose adopted the Magistrate Judge's Report and Recommendations (Doc. No. 128) and dismissed the Petition in this matter with prejudice (Entry and Judgment, Doc. Nos. 132, 133). Petitioner has filed a timely Notice of Appeal (Doc. No. 133) in which he expressly requests that the Court find he may proceed on appeal *in forma pauperis*. That request is granted.

## Standard for Certificate of Appealability

A person seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*,

263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed in forma pauperis. *Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

## Application of Standard to this Case

Petitioner seeks a certificate of appealability on his Grounds for Relief One, Three, Four (sub-parts A, C, D, and E), Five (sub-parts A and B), Six, and Seven; he separately argues for a certificate on this Court's procedural default rulings as to Ground for Relief One and Sub-parts A and B of Ground Five (Motion, Doc. No. 137, at 1). The Warden opposes the Motion in its entirety (Memorandum in Opposition, Doc. No. 138 at 3.)

## First Ground for Relief

In his First Ground for Relief, Petitioner claims he was denied due process of law because one of his trial jurors was a convicted felon. Judge Rose adopted the Magistrate Judge's recommendation that this Ground for Relief was procedurally defaulted by failure to make a contemporaneous objection and also was without merit because it is not a denial of due process to allow a convicted felon to serve on a jury.

As to the procedural default ruling, Petitioner admits there was no contemporaneous objection, but claims this amounted to ineffective assistance of trial counsel. Ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985). Petitioner raised this claim in his petition for post-conviction relief under Ohio Revised Code § 2953.21. The Ohio Court of Appeals held there was no proof that Juror Reeves was not a fair and impartial juror and upheld application of the contemporaneous objection bar, relying on *Queenan v. Oklahoma*, 190 U.S. 548 (1902). *State v. Hanna,* 2001 Ohio 8623; 2001 Ohio App. LEXIS 5995 at *11 (Ohio App. 12th Dist. Dec. 31, 2001). On the precise question of whether it was ineffective assistance of counsel to fail to make the contemporaneous objection, the court held that this error was available on direct appeal and therefore barred by Ohio's criminal *res judicata* rule as enunciated in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). The *Perry* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *White v. Mitchell*, 431 F.3d 517 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied*, 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). Ineffective assistance of trial counsel, while it can be used to show cause to excuse procedural default is itself subject to procedural default. *Edwards v.*

5

*Carpenter,* 529 U.S. 446 (2000). That is what happened here when this claim was not raised on direct appeal.

Both the Ohio contemporaneous objection rule and the Sixth Circuit's recognition of *State v. Perry* are sufficiently well established that reasonable jurists would not disagree with this Court's application of them to find Ground One for Relief to be procedurally defaulted.

As to the merits of this claim, Petitioner has offered no proof in either this Court or the Ohio courts that Juror Reeves was in fact not impartial. Instead, Petitioner relies on the argument that a convicted felon is by definition not impartial under Ohio law. He states: "Ohio Revised Code § 2945.25 defines what an impartial juror is in Ohio." (Motion, Doc. No. 137, at 4.) That is inaccurate. Ohio Revised Code § 2945.25 does not purport to define an impartial juror. Rather, it sets forth various grounds for challenge of veniremen, one of which is conviction of a felony. If the challenge is not made, the objection is waived under Ohio law, as the Twelfth District Court of Appeals held. Petitioner points to no case law of the United States Supreme Court clearly establishing that having a juror who has been convicted of a felony *ipso facto* deprives a defendant of an impartial jury and there is express lower court case law to the contrary. *United States v. Boney*, 977 F.2d 624, 633 (D.C. Cir. 1992); *Coleman v. Calderon,* 150 F.3d 1105, 1117 (9th Cir. 1998), *rev'd on other grounds,* 525 U.S. 141 (1998), cited in the Report and Recommendations at 25. Furthermore, violation of a state statute does not of itself create a due process violation. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

No reasonable jurists would disagree with this Court's disposition of Ground One for Relief

6

and Petitioner's request for a certificate of appealability on this Ground should be denied.

**Third Ground for Relief**

In his Third Ground for Relief, Mr. Hanna alleges that his constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated when the prosecutor failed to produce Trooper James Ertel's complete report. As noted in the Report and Recommendations, there are really two *Brady* claims in Ground Three: some portions of Ertel's report were turned over to defense counsel during trial, but not before trial began; other portions were not disclosed at all.

In the Motion for Certificate of Appealability, Petitioner argues as to the portions of the report turned over during trial that there was a *Brady* violation because he was prejudiced by the delay, (Motion, Doc. No. 137, at 12.), relying on *United States v. Garner,* 507 F.3d 399, 405 (6th Cir. 2007)("If previously undisclosed evidence is disclosed, as here, during trial, no *Brady* violation occurs unless the defendant has been prejudiced by the delay in disclosure.")(citing *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986)).

On post-conviction review, the Twelfth District Court of Appeals noted as to the portions of the Ertel report produced during trial:

> The record reflects that appellant's trial counsel had the opportunity to review the report over the course of a weekend. Appellant's counsel then moved for, and received, an order for the production of summaries of statements referred to in the report. The court recessed to allow defense counsel time to review the statements. There is no indication that more time was needed or requested.

*State v. Hanna*, 2001 Ohio 8623; 2001 Ohio App. LEXIS 5995 at *18-19 (Ohio App. 12th Dist. Dec. 31, 2001). Thus if trial counsel believed they were prejudiced by the delay until trial, they did not

7

say so, thereby waiving the objection under the contemporaneous objection rule. The Magistrate Judge would also note that the authority cited for the proposition that delay until trial can violate *Brady* is Sixth Circuit authority, not United States Supreme Court authority.

As to the portion of the Ertel report obtained after trial and relating to the testimony of inmate Ricardo Lee, the Magistrate Judge remains persuaded that these materials would not have had an impact on the outcome of the proceedings had they been available to defense counsel. Nonetheless, the Magistrate Judge also believes reasonable jurists could disagree with this conclusion and recommends that a certificate of appealability issue on this portion of the Third Ground for Relief.

## Fourth Ground for Relief

As pled, Petitioner's Fourth Ground for Relief – ineffective assistance of trial counsel at the mitigation phase -- has five sub-parts. All five were rejected on the merits: Judge Rose adopted the Magistrate Judge's recommendation that the state courts' disposition of these claims was not an objectively unreasonable application of clearly established Supreme Court law. Petitioner seeks a certificate of appealability as to four sub-parts, A, C, D, and E.

In sub-part A, Petitioner claimed he received ineffective assistance of trial counsel when his trial counsel failed to call a "prison culture expert." Having heard the testimony of the proposed expert at the evidentiary hearing in this Court, the Magistrate Judge remains persuaded that his testimony would likely have been more harmful than helpful to Petitioner and thus it was not ineffective assistance of trial counsel to fail to call him. The Magistrate Judge agrees, however, that

8

reasonable jurists could disagree on this question and recommends a certificate of appealability by issued on Ground Four, Subpart A.

The Magistrate Judges disagrees, however, with Petitioner's request as to Subpart C. The substance of what Petitioner claims the jurors would have learned from a different witness on this point – that if not sentenced to death Petitioner would nevertheless spend the balance of his life in very secure solitary confinement – was presented through the testimony of a principal witness for the State, Trooper James Ertel. The claim that an "official" from the Department of Rehabilitation and Corrections would have been more rhetorically effective on this point is pure speculation and this Court's resolution would not be debatable among reasonable jurists.

In Subpart D, Petitioner claims that his trial counsel did not adequately prepare the clinical psychologist they employed, Dr. Kathleen Burch, to testify. For reasons given in the original Report and Recommendations, the Magistrate Judge believes reasonable jurists would not disagree with the Court's resolution of this claim. First of all, the record establishes Dr. Burch had reviewed Petitioner's prison records and was aware of the time he had spent in prison. But probably more importantly, having her focus on all the things that happened to Petitioner in prison which molded him into a person ready to stab a cellmate in the eye probably would have had a negative impact on the jury. In any event, this was plainly a tactical choice which competent counsel could make and it was not ineffective assistance of trial counsel to fail to choose this path.

In Subpart E, Petitioner claimed his trial counsel rendered ineffective assistance of trial counsel when they called only one of his family members about this childhood when others were also available. While the Magistrate Judge continued to believe this Subpart was correctly resolved on the merits, United States Supreme Court law on adequate mitigation evidence is sufficiently fact

9

specific that reasonable jurists could disagree on this Subpart and a certificate of appealability should issue as to it.

**Ground Five for Relief**

In Subparts A and B of the Fifth Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his counsel failed to ascertain that Juror Reeves was incompetent to serve, based on his felony conviction, and when they failed to ask about his prison experience so as to determine if he could be impartial.

Judge Rose adopted the Magistrate Judge's recommendation that these subparts were barred by procedural default in that, as the Twelfth District Court of Appeals held, they could have been presented on direct appeal (because fully evident on the record) and were thus barred by Ohio's criminal *res judicata* doctrine, set forth in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). *State v. Hanna*, 2001 Ohio 8623; 2001 Ohio App. LEXIS 5995 at *11(Ohio App. 12th Dist. Dec. 31, 2001).

Petitioner argues the state court of appeals was in error in finding a *res judicata* bar because "the juror questionnaires were not part of the direct appeal record." (Motion, Doc. No. 137, at 32). Petitioner offers no record citation for this fact. If that is correct and assuming Petitioner can provide proof from the record to the Sixth Circuit that it is correct, then reasonable jurists could disagree with this Court's finding that the claim was barred by *res judicata*. That is because the juror questionnaires would then appear to be evidence from outside the record which would have

been needed to prove the claim, and such evidence is properly proffered with a post-conviction petition in Ohio. When the record reveals that the state court's reliance on its own rule of procedural default is misplaced, federal habeas review may not be precluded. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005); *Greer v. Mitchell,* 264 F.3d 663, 675 (6th Cir. 2001). A certificate of appealability should issue on this procedural default question.

If the procedural default question were resolved favorably to Petitioner, reasonable jurists might also disagree with this Court's disposition on the merits. The Magistrate Judge remains persuaded that prejudice has not been proven because someone who had done prison time, as Juror Reeves had, would be in a good position to understand how the position in which Petitioner found himself with his cellmate could have pushed him beyond his limits. Thus it is far from clear that competent counsel would have removed Juror Reeves, although they could have done so for cause, without using up a peremptory challenge. Nonetheless, this conclusion is not so clear as to be non-debatable. A certificate of appealability should also issue on the merits of Ground Five, Subparts A and B.

### Ground Six for Relief

In his Sixth Ground for Relief, Mr. Hanna argues that the trial court improperly instructed the jury on the issues of causation and foreseeability in that the complained-of instruction weakened the State's burden of proof on the necessary elements of purpose and prior calculation and design.

Without question, the State was required to prove beyond a reasonable doubt that Petitioner

intentionally cause the death of Peter Copas. Although stabbed in the brain through the eye with a sharpened paint brush handle, Copas did not die for some days after the assault. On the issue of causation, the trial judge gave the following instruction:

> Causation. The State charges that the act of the defendant caused the death of Peter Copas. Cause is an act which in a natural and continuous sequence directly produces the death of Peter Copas and without which it would not have occurred.
>
> The defendant's responsibility is not limited to the immediate or most obvious result of the defendant's act. The defendant is also responsible for the natural and foreseeable results that follow, in the ordinary course of events, from the act.

Tr. 1459. It is the second paragraph to which Petitioner objects. The Magistrate Judge remains persuaded that the Ohio Supreme Court's resolution of this claim is not an objectively unreasonable application of clearly established Supreme Court law. Petitioner argues that it is similar to the instruction condemned in *Sandstrom v. Montana*, 442 U.S. 510 (1979), but the offending instruction there created a presumption of intention. The trial judge here did nothing of the kind. He repeatedly told the jury they had to find specific intent beyond a reasonable doubt. However, the Ohio Supreme Court's note that it has "recognized that the use of the foreseeability instruction in aggravated murder cases is questionable"[1] makes this conclusion debatable among reasonable jurists. A certificate of appealability should issue on the Sixth Ground for Relief.

---

[1] *State v. Hanna,* 95 Ohio St. 3d at 295.

## Ground Seven for Relief

Petitioner requested a jury instruction on medical malpractice as an intervening cause of death in this case. In his Seventh Ground for Relief, he asserts failure to give that instruction deprived him of a fair trial.

Under Ohio law, medical malpractice with respect to a homicide victim constitutes intervening cause.

> Generally, "one who inflicts injury upon another is criminally responsible for that person's death, regardless of whether different or more skillful medical treatment may have saved his life." *State v. Johnson* (1978), 56 Ohio St.2d 35, 40, 10 O.O.3d 78, 381 N.E.2d 637. Moreover, "medical treatment for homicide victims is not an intervening cause." *State v. Carter* (1992), 64 Ohio St.3d 218, 226, 594 N.E.2d 595. "Only gross negligence or willful maltreatment will relieve the defendant from liability. Simple negligence is not enough." (citation omitted.) *State v. Beaver* (1997), 119 Ohio App.3d 385, 394, 695 N.E.2d 332. See, also, Annotation, Homicide: Liability Where Death Immediately Results from Treatment or Mistreatment of Injury Inflicted by Defendant (1997), 50 A.L.R.5th 467.

*State v. Hanna*, 95 Ohio St. 3d at 293. The Ohio Supreme Court expressly found that there was no evidence of gross or willful maltreatment. That finding is entitled to deference in the federal courts in the absence of clear and convincing evidence to the contrary, which Petitioner has not offered. A criminal defendant is entitled to a jury instruction only if the evidence could support a finding relevant to the instruction. In this case there was "no evidence" which would have permitted the jury to find medical malpractice was an intervening cause. Reasonable jurists would not disagree with that conclusion.

## Conclusion

Petitioner should be granted a certificate of appealability as to (1) that portion of Ground Three which complains of failure to disclose what Petitioner has characterized as *Brady* material relating to the testimony of Ricardo Lee, (2) Subparts A and E of Ground Four, (3) Subparts A and B of Ground Five, both as to procedural default and the merits, and (4) Ground Six, but should otherwise be denied.

June 23, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).